**Robert Lee PRICE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–509.**

Court of Criminal Appeals of Oklahoma.

Aug. 1, 1979.

Carl Longmire, Pryor, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Andrew Wilcoxen, Legal Intern, for appellee.

## OPINION

PER CURIAM:

Appellant herein, Robert Lee Price, was arrested and charged with Grand Larceny in the District Court of Mayes County, in Case No. CRF–78–9. Over the appellant's objection, the State amended the information on the day of trial to charge the defendant with Grand Larceny, After Former Conviction of a Felony. The jury returned a verdict of guilty to a charge of Petit Larceny, After Former Conviction of a Felony, and set the sentence at four (4) years and three hundred sixty-four (364) days' imprisonment in the State penitentiary.

■ The record reflects that at his preliminary hearing, the appellant was not informed that his charge was being enhanced by a prior felony conviction. As a matter of fact, the appellant was not so informed until the day of trial. We have consistently held it to be error to fail to offer proof of a prior felony conviction at the preliminary hearing on a subsequent charge when this charge is being enhanced by the prior conviction. *Carter v. State*, Okl.Cr., 292 P.2d 435 (1956). The purpose behind this doctrine is that the accused has the fundamental right to presume that he has been fully complained against in the preliminary hearing, and cannot lawfully be held to answer a greater charge entailing more severe penalties. The charge of one as a second and subsequent offender, while not defending a new crime, is a classification defining the accused as a greater offender, and enhances the punishment that may be imposed. *Carter v. State*, supra.

■ Furthermore, an accused is entitled to equal time with the State for the preparation necessary to meet the additional burden placed upon him in his second or subsequent charge. In other words, the State should not be permitted to use the prior conviction charge as a last minute amendment to the information in order to surprise the defense. Even persons charged with being habitual criminals are entitled to due process of law.

■ We therefore hold that it was error for the trial court to overrule the defendant's objection to this last minute amendment to the information. The defendant was entitled to be informed at his preliminary hearing that he was being charged under Oklahoma's Habitual Criminal Statute. For the above reasons, the appellant must be granted a new trial.

■ One other matter should be brought to the attention of the District Court. The appellant in this case was tried for Grand Larceny, but was convicted of Petit Larceny. Consequently, because this conviction is being set aside, the appellant may be retried for Petit Larceny; but he may not be tried again for Grand Larceny. This is true in view of the fact that the appellant was originally convicted of a lesser included offense, and to try him again on a charge from which he was impliedly acquitted, namely Grand Larceny, would constitute former jeopardy. *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), and *S. H. v. State*, Okl.Cr., 555 P.2d 1050 (1976).

For the above and foregoing reasons, we *REVERSE* and *REMAND* the judgment and sentence of the District Court for further proceedings consistent with this opinion.