**Egbert SHIETZE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–501.**

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1986.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Robert E. Kall, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Egbert Shietze, was convicted of two counts of Assault and Battery with a Dangerous Weapon in Case No. CRF-83-553 in the District Court of Comanche County. He was sentenced to five (5) years imprisonment on both counts, to run concurrently, with four and one-half (4½) years suspended on each count, and he appeals. We affirm.

On August 14, 1983, the appellant and a friend arrived at a bar in Lawton, Oklahoma at approximately 11:30 to 12:00 p.m. The appellant was refused entrance into the bar because he had a bottle of beer from another bar in his hand. Subsequently, the appellant returned to the bar, purchased a beer and drank it. He testified that he was intoxicated. After the manager asked him to leave, he began to walk down "the strip" and noticed that three men were walking behind him. The appellant continued to walk along the boulevard, until he suddenly broke a beer bottle on a wall and asked the three if they wanted to start something. After Mr. Rigdon replied

that they just wanted to go to their car, the appellant stabbed him with the broken beer bottle. The appellant then proceeded in the opposite direction from which he was originally walking, and once again entered the bar that he had been asked to leave. Once again, the manager ordered the appellant to leave or he would call the police. The appellant refused to leave and the manager departed to contact the police. At that point, Mr. Glogoyski walked to the front of the bar to observe what was occurring, and the appellant asked him if he wanted to fight to which he responded negatively and raised his hands to affirm his intentions. However, the appellant continued to make comments to Mr. Glogoyski and stabbed him with the broken beer bottle.

The appellant testified that during both incidents he acted in self defense, and that during the second incident he was so intoxicated that he did not realize he still had the broken bottle in his hand.

■ As his initial assignment of error, the appellant contends that the prejudicial joinder of unrelated acts in one trial denied him his right to a fair trial. The appellant specifically alleges that he was tried on two totally separate charges of Assault and Battery with a Dangerous Weapon in violation of 12 O.S.1981, § 2404(B). We disagree.

In *Allison v. State*, 675 P.2d 142, 146 (Okl.Cr.1983), we stated that:

Title 22 O.S. § 436 expressly authorizes the joinder of counts against a defendant if the counts involve the same series of acts or transactions constituting an offense or offenses.

In the instant case, we are of the opinion that both counts involve the same series of acts since the same broken bottle was used for both attacks, the incidents occurred within the same general proximity, the acts were committed within one hour of each other, and one police officer arrested appellant for both offenses.

Moreover, a significant amount of time, expense and effort was saved by the joinder, with no apparent prejudice to the ap-

pellant in that the jury recommended that the trial court suspend all but six (6) months of appellant's sentence on each count. Therefore, we find that the trial court did not abuse its discretion in overruling appellant's motion to sever. This assignment of error is witout merit.

■ The appellant next asserts that because the trial court failed to instruct the jury that it could not consider evidence of any crimes charged to infer that appellant was guilty of another crime charged, and because the jury should have been instructed to consider evidence as to each count separately and on its own merits, fundamental and reversible error occurred. Initially, we note that trial counsel failed to object to the instructions at trial and further failed to request that such an instruction be given. We have consistently held that when an objection to instructions does not appear in the record, it is not properly preserved for appellate review and will only be reviewed for fundamental error. *Ballou v. State*, 694 P.2d 949 (Okl.Cr.1985). We find no fundamental error.

■ Moreover, in light of our previous finding that the two incidents in question arose out of the same series of acts, and were properly joined, we are of the opinion that none of the evidence of the separate counts was inadmissible evidence of other crimes. This assignment of error is likewise without merit.

■ As his final assignment of error the appellant maintains that the trial court committed fundamental error when it failed to give an instruction on the defense of voluntary intoxication. However, trial counsel failed to request an instruction on the defense of intoxication. Therefore, all error, except fundamental error, has been waived. *Ballou*, supra. Finding no fundamental error, this assignment of error is without merit.

The judgments and sentences are accordingly AFFIRMED.

PARKS, P.J., and BRETT, J., concur.