Scott L. MOORE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–383.

Court of Criminal Appeals of Oklahoma.

April 30, 1987.

Mark Barrett, Special Counsel, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., S. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Scott L. Moore, was convicted of the crimes of Arson After Former Conviction of a Felony (Count I), Escape from County Jail After Former Conviction of a Felony (Count II), and Escape from County Jail After Former Conviction of a Felony (Count III) in the District Court of Grady County in Case Nos. CRF–84–38, CRF–84–58, and CRF–84–59 and was sentenced to fifteen (15) years, ten (10) years, and ten (10) years imprisonment, respectively, the sentences to run concurrently, and he appeals.

On April 17, 1984, Debbie Davenport, appellant's estranged wife, was living with some friends in an apartment complex in Chickasha, Oklahoma. During the evening, appellant came to the apartment in an attempt to convince her not to go through with the divorce. At one point in the evening, when Ms. Davenport left the apartment with her friend David Walker to pick up Rhonda Leverett at work, appellant followed them in his green and white Cutlass and followed them back to the apartment. Once back at the apartment, appellant tried to see Ms. Davenport, but she refused to see him. Appellant then walked around to Ms. Davenport's window, removed the screen, and attempted to open the window. At that point, David Walker called the police. When the police arrived, appellant was sitting in his car. The officer requested appellant to leave the premises, and appellant complied. At approximately 2:00 a.m. on April 18, 1984, Ms. Davenport was awakened by smoke, and she awoke to find the front of the apartment in flames. The other two occupants attempted to extinguish the fire and contacted the manager and the police. The manager extinguished the fire, and the police soon arrived, investigated the fire and then departed. At approximately 7:00 a.m. Ms. Davenport was again awakened by fire. After waking the other apartment residents, she observed appellant outside her window sitting in his car. She then observed appellant get out of his car and walk toward her window. Ms. Davenport closed the curtains when appellant began to knock on the window. Meanwhile, the apartment manager, who had received a call concerning the second fire, was leaving his apartment with a fire extinguisher and observed appellant run around the corner of the burning apartment by the back window. Also, the appellant drove past the manager as he crossed the parking lot on his way to the burning apartment. Testimony at trial established that the fires were started by approximately eight (8) ounces of gasoline which was thrown on the front door.

Subsequently, appellant was arrested and taken into custody. On April 19, 1984, a deputy took appellant to his arraignment in the basement courtroom of the Grady County Courthouse. When the arraignment was concluded, the deputy moved to the elevator to go back to the jail, and appellant ran away. Appellant ran out of the courthouse but was captured and returned to jail within twenty (20) minutes. On May 2, 1984, apellant was taken to his

pre-trial conference on the arson charge. While he was standing on the steps of the courthouse, appellant suddenly pushed the other prisoners out of the way and ran and jumped into the back of a parked pickup truck. The pickup then drove off, and appellant was absent for three (3) to four (4) weeks.

At trial, appellant presented no evidence or testimony.

For his first assignment of error appellant alleges that the evidence was insufficient to support his conviction for arson. When the sufficiency of the evidence is challenged on appeal the relevant question is whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985).

Although there is no direct evidence that appellant started the fires, this Court recognizes that the crime of arson is more likely to be proved by circumstantial evidence than direct evidence. *Smith v. State*, 555 P.2d 626 (Okl.Cr.1976). Where the conviction rests solely on circumstantial evidence, proof must exclude very reasonable hypothesis but that of guilt. *Hager v. State*, 612 P.2d 1369 (Okl.Cr.1980).

 In the instant case, several witnesses testified that they saw appellant sitting in his green and white Oldsmobile at the time of the two fires. Moreover, three persons testified that they observed appellant at the complex by the burning apartment at the time of the second fire. The occupants of the apartment and a police officer all testified that appellant was at the apartment where he was not welcome a few hours before the fire. Ms. Davenport testified that approximately one month before the fires appellant assaulted her and told her that he would rather see her dead than with anybody else. After reviewing the evidence presented at trial, we find that the State presented sufficient circumstantial evidence to exclude every reasonable hypothesis but that of guilt. Accordingly, this assignment is groundless.

In his second assignment of error appellant maintains that the introduction of prejudicial other crimes evidence and presentation of improper argument deprived him of a fair trial. Specifically, appellant argues that the detailed testimony of his estranged wife, that approximately one month prior to the fires appellant assaulted her and stated that he would rather see her dead than with anybody else, was highly prejudicial.

 This Court has consistently held that the general rule in this State is that when a defendant is put on trial for one offense, evidence of other crimes is inadmissible. *King v. State*, 667 P.2d 474 (Okl. Cr.1983). However, this Court also recognizes that evidence of other crimes is admissible if it comes within one of well recognized exceptions to the rule, that is, if it tends to establish (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and (5) the identity of a person charged with the commission of the crime on trial. *Atnip v. State*, 564 P.2d 660 (Okl.Cr.1977). We are of the opinion that the testimony of the estranged wife concerning appellant's violent opposition to the divorce and threats against her life were clearly evidence of his motive and intent for burning the apartment. Therefore, we find no error. Additionally, we find that since appellant failed to object to any of the allegedly improper comments, the error, if any, was waived. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr. 1980).

Appellant next contends that the evidence was insufficient to sustain his conviction for escaping from a county jail. He admits that the evidence was sufficient to sustain a conviction for escape from the custody of a law enforcement officer, 21 O.S.1981, § 444, but argues that the evidence was insufficient to sustain a conviction for escape from a county jail under 21 O.S.Supp.1983, § 443.

Title 21 O.S.1981, § 444 provides as follows:

A. It is unlawful for any person, after being lawfully arrested or detained by a peace officer, to escape from such peace officer.

B. Such person who escapes or attempts to escape after being lawfully arrested or detained for custody for a misdemeanor offense shall be guilty of a misdemeanor.

C. Such person who escapes or attempts to escape after being lawfully arrested or detained for custody for a felony offense shall be guilty of a felony.

Title 21 O.S.Supp.1983, § 443 provides in pertinent part:

A. Any person having been imprisoned in a county or city jail awaiting charges on a felony offense or prisoner awaiting trial for having been sentenced on a felony charge to confinement with the Department of Corrections who escapes from a county or city jail, either while actually confined therein, while permitted to be at large as a trusty, or while awaiting transportation to a Department of Corrections facility for execution of sentence, is punishable by imprisonment of not less than one (1) year nor more than seven (7) years.

■ We are of the opinion that 21 O.S. 1981, § 444 applies to a situation where an individual escapes or attempts to escape while detained by a police officer after an arrest or while detained for questioning prior to the filing of criminal charges. In the instant case, appellant was in the custody of the Grady County Sheriff's department on both occasions when he escaped. Although appellant was not actually in the county jail at the time of his escapes, he was clearly in the custody of the Sheriff's department and escaped while being escorted by a deputy from the county jail to a courtroom in the same building. At the time of the first escape, appellant was in the custody of a deputy after being arraigned on the arson charge. At the time of the second escape, appellant had just attended a pre-trial conference on the arson charge and was again in the custody of the deputy. While it is true that appellant did escape from a peace officer, it is also true that appellant was imprisoned in the Grady County jail awaiting trial and was in the custody of the sheriff's department at the time of the escapes. Therefore, we find that appellant was properly charged and convicted under the more recent and more specific statute, 21 O.S.Supp.1983, § 443, and that the evidence was sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Spuehler,* supra. This assignment is meritless.

■ In his fourth assignment of error appellant argues that the trial court erred in enhancing his two Escape convictions under the habitual criminal statute. We recently addressed this identical issue in *Delfrate v. State,* 732 P.2d 900 (Okl.Cr. 1987), and reaffirmed our holding that a felony conviction for escape cannot be enhanced under the provisions of the habitual criminal statute. Therefore, we find that the trial court improperly enhanced appellant's sentences in Count II and Count III.

■ As his final assignment of error appellant contends that the State presented insufficient evidence to prove that he had incurred a prior conviction. He argues that the State's entire second stage evidence was evidence that a person named "Scott L. Moore" had previously been convicted of burglary, and that due to the commonness of the name, this was insufficient evidence. However, since appellant failed to interpose an objection to the judgment and sentence, this assignment was waived. *Wallace v. State,* 562 P.2d 1175 (Okl.Cr.1977). This assignment is groundless.

For the above and foregoing reasons the judgment and sentence in Count I is AFFIRMED, and the judgments and sentences in Count II and Count III are REMANDED with instructions for the trial court to RESENTENCE appellant in Count II and Count III in a manner consistent with this opinion.

PARKS, J., concurs.

BRETT, P.J., concurs in results.