John Elwood TYLER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–87–413.

Court of Criminal Appeals of Oklahoma.

July 14, 1989.

Elaine Meek, Asst. Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Appellant, John Elwood Tyler, was tried by jury and convicted of Attempted Escape

from Lawful Custody (21 O.S.1981, § 444) After Former Conviction of Two Felonies (21 O.S.Supp.1985, § 51) in Tulsa County District Court, Case No. CRF–85–4502, before the Honorable Donald C. Lane, District Judge. The jury set punishment during the second stage at twenty (20) years. Judgment and sentence was imposed accordingly.

On November 22, 1985, appellant and an accomplice were arrested by Officer Bob Jackson for the burglary of a tag agency. They were transported to the police station and placed into separate, but adjoining interrogation rooms. When Officer Jackson returned to the room in which appellant had been placed, the room was empty. The officer noticed that the light fixture had been removed and returned to its place, as though someone had gotten into the ceiling from that point. Police personnel were notified that the whereabouts of a prisoner was unknown. As Officer Jackson proceeded to the main detective division, he saw appellant fall through the ceiling to the floor.

■ Because appellant's second, third and fourth assignments of error concern alleged errors during the first stage of trial, we will address these propositions first. Appellant claims that the Information was insufficient as it failed to state all the necessary elements of the crime, that the State failed to present sufficient evidence on all elements of the charged crime and that the district court erred by failing to instruct the jury on all necessary elements of the charged crime. In all three issues, the central argument raised by appellant is that proof of a "felony charge" or "misdemeanor charge" is necessary to convict a person under 21 O.S.1981, § 444.

Section 444 reads as follows:

A. It is unlawful for any person, after being lawfully arrested or detained by a peace officer, to escape or attempt to escape from such peace officer.

B. Such person who escapes or attempts to escape after being lawfully arrested or detained for custody for a misdemeanor offense shall be guilty of a misdemeanor.

C. Such person who escapes or attempts to escape after being lawfully arrested or detained for custody for a felony offense shall be guilty of a felony.

After a careful study of this statute, we are convinced that the legislature intended paragraph (A) to designate the crime and paragraphs (B) and (C) to designate the punishment. Accordingly, the elements which must be proven by the State in the first stage of trial are (1) escape or attempted escape, (2) from a peace officer, (3) after being lawfully detained or arrested by such officer. See Oklahoma Uniform Jury Instructions—Criminal (OUJI–CR 635 and 636) (1981). Having resolved this question, we turn to appellant's claims.

With regard to appellant's assertion that the Information failed to allege the necessary elements of Section 444, he claims the State was required to allege he was arrested for a felony charge or for a misdemeanor charge. As we stated above, the State was only required to allege the necessary elements of the crime, which are contained in paragraph (A). See Hendricks v. State, 698 P.2d 477, 480 (Okla.Crim.App.1985); 22 O.S.1981, § 401. This assignment is without merit.

As to appellant's claim that the State failed to present sufficient evidence on each element of the charged crime, again he relies on the fact that the State failed to prove he was arrested for a "felony." Because we have determined that paragraphs (B) and (C) relate to punishment rather than guilt, the State was not required to present evidence as to whether appellant was arrested for a felony or a misdemeanor during the first stage of trial. Instead, the State was only required to show that appellant was lawfully arrested or detained. The record is replete with evidence that appellant was lawfully arrested. Thus, this assignment is without merit.

Finally, appellant urges that the trial court erred by refusing to give an instruc-

tion which stated that the State was required to prove appellant was arrested for either a felony or misdemeanor offense. Again, because we have determined that paragraphs (B) and (C) deal with punishment, the trial court was correct in its instructions. This assignment is without merit.

■ Next, appellant urges that the punishment imposed violates the equal protection clause of the Fourteenth Amendment as well as the Eighth Amendment prohibition against cruel and unusual punishment because appellant was punished more harshly than those persons convicted under other escape statutes. We first address the equal protection claim.

State laws are generally entitled to a presumption of validity against attack under the equal protection clause. *Parham v. Hughes*, 441 U.S. 347, 351, 99 S.Ct. 1742, 1745, 60 L.Ed.2d 269 (1979). Legislatures have wide discretion in passing laws that have the effect of treating some people differently from others. *Id.* Unless such treatment is based on some invidious classification, the legislation is valid as long as it is rationally related to a permissible state objective. *See Mississippi Univ. for Women v. Hogan*, 458 U.S. 718, 723, 102 S.Ct. 3331, 3335–6, 73 L.Ed.2d 1090 (1982); *Parham*, 441 U.S. at 351, 99 S.Ct. at 1745.

In the present case, appellant agrees that the State need only show a rational relationship between the statute and the government objective as there is no invidious classification. As justification for Section 444, the State asserts that it protects the public from individuals lawfully arrested for criminal activity. The legislature has clearly found this to be necessary for the protection of society as evidenced by the several statutes which prohibit escape in various circumstances. *See* 21 O.S.1981, §§ 435, 436 and 443. Furthermore, as stated in *Brown v. State*, 743 P.2d 133, 138 (Okla.Crim.App.1987):

In its wisdom, the Legislature has determined that escapes from lawful custody, whether they are denominated misdemeanors or felonies, are fraught with danger to law enforcement officers ...

Thus, we see no violation of equal protection as these reasons are ample to support a difference in punishment.

■ Regarding appellant's claim of cruel and unusual punishment, he seems to rely on the disparity of punishment between the various escape statutes. In support of this claim, he points out that this Court has previously held a conviction for escape under certain statutes precludes the enhancement of the defendant's sentence. *See Moore v. State*, 736 P.2d 996, 999 (Okla. Crim.App.1987); *Delfrate v. State*, 732 P.2d 900, 902 (Okla.Crim.App.1987).[1] He urges that because his punishment was enhanced due to his prior felony convictions, he is being forced to serve a grossly disproportionate penalty. *See Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). We disagree. Appellant's sentence is directly related to his crime and his prior record and was within statutory limits. *See Kirkendall v. State*, 725 P.2d 882 (Okla.Crim.App.1986); *Camp v. State*, 664 P.2d 1052 (Okla.Crim.App. 1983). This assignment is without merit.

■ Next, appellant asserts that error occurred when he was not given a preliminary hearing on the second page of the Information as required by *Carter v. State*, 292 P.2d 435 (Okla.Crim.App.1956) and *Price v. State*, 598 P.2d 668 (Okla.Crim. App.1979). No objection was raised until the jury had returned a verdict of guilty and the second stage of trial was set to begin. While no preliminary hearing was held on the second page, the record reveals that counsel had notice of the State's intent to enhance punishment with appellant's prior felony convictions. Plea negotiations between the parties had apparently centered around the prior convictions.

---

**1.** Appellant's position is weakened because the legislature has recently amended 21 O.S.1981, § 443, now 21 O.S.Supp.1988, § 443, to allow enhancement under 21 O.S.Supp.1985, § 51.

Thus, this Court's rationale in *Moore* and *Delfrate* will be inapplicable to cases where the escape occurred after the amendment.

Although *Carter* and *Price* required a defendant be given a preliminary hearing on the second page of an Information, such a right can be waived if the defendant announces ready for trial without interposing a timely motion to quash. *Starr v. State*, 479 P.2d 628, 629 (Okla.Crim.App. 1971). Appellant has suffered no prejudice especially in light of the fact he was not surprised by the second page. *See Money v. State*, 700 P.2d 204, 206 (Okla.Crim.App. 1985). Thus, this assignment is without merit.

█ As his last assignment of error, appellant claims it was error to admit his "pen pack" into evidence because such evidence was irrelevant and prejudicial. The "pen pack" contained a photograph of appellant as well as his fingerprints. Initially, we note that appellant objected to the admission of the evidence because he had not been given a preliminary hearing, but he did not object on the basis of prejudicial effect or relevancy. As we have previously held, "when a specific objection is made at trial to the admission of evidence, no different objection will be considered on appeal." *Fitchen v. State*, 738 P.2d 177, 180 (Okla. Crim.App.1987) (citing *Marks v. State*, 654 P.2d 652 (Okla.Crim.App.,1982)). Thus, appellant has waived all but fundamental error.

█ In *Hill v. State*, 648 P.2d 1268, 1270 (Okla.Crim.App.1982), this Court found no error in the admission of photographs and fingerprints contained in the defendant's "pen pack." Similarly, we cannot say that the admission of photographs or fingerprints contained in the "pen pack" amounted to fundamental error. This assignment is without merit.

For the above mentioned reasons, the judgment and sentence is affirmed.

LANE, V.P.J., and BRETT, BUSSEY and LUMPKIN, JJ., concur.