**Allen Wayne KAULAITY, a/k/a Allen Wayne Niedo, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–89–0798.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1993.

George Tah–Bone (at Trial), Anadarko, Gloyd L. McCoy (on Appeal), Deputy Appellate Indigent Defender, Norman, for appellant.

Scott Julian, Asst. Dist. Atty. (at Trial), Anadarko, Susan Brimer Loving, Atty.

Gen. (on appeal), Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

JOHNSON, Vice Presiding Judge:

Appellant, Allen Wayne Kaulaity, was charged by Information in the District Court of Caddo County in Case No. CRF–87–95 with Second Degree Burglary, After Conviction of Two or More Felonies, in violation of 21 O.S.1981, § 1435; and in Case No. CRF–88–16 with Unlawful Possession of a Controlled Drug with Intent to Distribute, After Conviction of Two or More Felonies, in violation of 63 O.S.Supp. 1986, § 2–401(A)(1). A jury trial was held before the Honorable David Powell, District Judge, in both cases, which have been consolidated for appeal. The jury found Appellant guilty in both cases and recommended sentences of forty (40) years and twenty (20) years, respectively. The trial court sentenced accordingly.

After thorough consideration of the entire record before us on appeal, including the original record, transcripts and briefs of the parties, we **AFFIRM** Case No. CRF–88–16. In reaching our decision, we considered the following propositions of error and determined neither reversal nor modification to be required under the law and the evidence presented:

1. Appellant was denied effective assistance of counsel.

2. The trial court lacked jurisdiction to try Appellant on an amended charge, possession with intent to distribute.

3. The State failed to present sufficient evidence to prove that Appellant had been convicted of prior crimes.

We **REVERSE** Case No. CRF–87–95. Appellant raises the following propositions of error in support of his appeal:

1. Insufficient evidence existed to convict Appellant of Burglary in the Second Degree, as there was no evidence that Appellant accomplished the necessary "breaking."

2. The trial court erred in failing to give an instruction on the lesser included offense of illegal entry.

3. By failing to give a complete instruction on flight, the trial court committed fundamental error by leaving the jury in doubt whether it could consider all evidence.

4. The State failed to present sufficient evidence to prove that Appellant had been convicted of prior crimes.

Testimony from one of the State's only two witnesses, Mr. Gallegos, owner of the bar at which the alleged burglary occurred, established that the area where the bar was located had been subjected to flooding waters. As a result, the bar was closed down for over two weeks and he had not checked on the tavern until the day in question. On that day, he drove to the bar and as he approached, he observed five men crossing over the little bridge heading towards the bar. He "gave something to someone so they would go call the police." Three of the men remained in the park across from the bar, while two of the men went toward the bar. He observed the two men go through a window to get inside the bar. As he crossed over the bridge by car, he observed the two men coming out of the bar through the same window. He identified Appellant as the second man who exited the bar, carrying two beer cans. When Appellant saw the owner, he threw away the two cans of beer. As the two men went behind the bar, along side the river, the police arrived and the two men were apprehended.

Mr. Gallegos further testified that when he last left the bar the window was secured with two locks and two nails. Additionally, there were four metal bars outside the window which were secured by two screws. When he approached the bar, he observed that the window was broken and that the metal bars had been raised. He did not see Appellant or anyone actually pull the bars up. Once inside, he discovered that approximately 15 cases of beer and two cases of pop were missing. Also missing were an electric saw, a box of potato chips, five Mexican pictures, electrical cords, pipe

wrenches, a stereo, and a television, all valued at approximately $300. A cigarette machine had also been broken into.

Officer Britt testified that he was not involved in the apprehension of Appellant. He took Appellant's statement at the station the day after the incident. He testified that Appellant related that he was in the park across from the bar and remembered crossing the bridge and being near the bar, when someone yelled something. Appellant told him he remembered telling his friend that they had better leave because the man may have a gun. Appellant said he then went over to the river but it was out of banks. He and his companion could not get across and thus came back to the park, where they were arrested.

■ Because they are interrelated, we will consider propositions 1 and 2 together. Appellant contends that there was insufficient evidence to convict him of Second Degree Burglary because the State failed to prove that he accomplished the necessary element of "breaking." Further, although not requested, the court should have instructed on the lesser included offense of Illegal Entry.[1] We agree. The fact that the bar had been closed down for business more than two weeks because of flooding; the fact that Mr. Gallegos had Appellant and his companion in sight from the time he crossed the bridge and saw him go in the bar and come out the bar through the window with two cans of beer; the fact that Mr. Gallegos did not see Appellant or his companion raise the bars of the window; the fact that it was not shown that Appellant or his companion broke the pane out of the window; together with the fact that numerous items were found missing and not shown to have been found on Appellant or his companion, are enough to prove that Appellant committed at least illegal entry. The aforesaid facts can be said to show that the bar had been vandalized previous to the time that Mr. Gallegos

saw Appellant. How else to account for the numerous missing items which were not accounted for? Under the facts of this case, the evidence warranted the giving of an instruction on illegal entry. See *McCullough v. State*, 669 P.2d 311, 312 (Okl.Cr. 1983).

■ First, the State submits that this Court has clearly stated that illegal entry is not a lesser included offense of burglary. The State cites *Smith v. State*, 695 P.2d 1360, 1363 (Okl.Cr.1985), *Collums v. State*, 654 P.2d 1070 (Okl.Cr.1982), *Lopez v. State*, 718 P.2d 369, 372 (Okl.Cr.1986) and *Douglas v. State*, 795 P.2d 1070, 1074 (Okl.Cr. 1990). We have read those cases and have determined that only in *Smith* and *Douglas* has this Court stated unequivocally that, "[I]llegal entry is not a lesser included offense of burglary or attempted burglary." This is not the correct statement of the law. To the extent that these cases and any other cases so state, they hereby are expressly overruled.

As Appellant has pointed out, this Court in *Ex Parte Peoples*, 69 Okl.Cr. 83, 100 P.2d 295 (1940) underwent an extensive analysis of the common law and North Dakota law from which our statutes were taken. On the point involved here, we adopted the Supreme Court of North Dakota's construction and interpretation in the case of *State v. Tough*, 12 N.D. 425, 96 N.W. 1025 (1903), where the court held that the only element of burglary which is wanting in the statutory misdemeanor of illegal entry is the "breaking." Take away the "breaking," and there remains the illegal entry. Thus, the court concluded, "... [T]he charge of breaking and entering a railroad car *of necessity* includes the charge of entering the railroad car with intent to steal." (Emphasis added.) Thus, we continue to hold that illegal entry is a lesser included offense of burglary and attempted burglary.

1. The proper name for the crime of Illegal Entry is "Entering a Building with Certain Intent" and is defined in 21 O.S.1981, § 1438, as follows:

Every person who, under circumstances not amounting to any burglary, enters any build-

ing or part of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit any felony, larceny, or malicious mischief, is guilty of a misdemeanor.

524

We have considered the remaining errors and deem they do not warrant reversal under the facts in this case.

## DECISION

The Judgment and Sentence of the trial court is AFFIRMED as to Case No. CRF–88–16, Unlawful Possession of a Controlled Drug with Intent To Distribute, After Former Conviction of Two or More Felonies. The Judgment and Sentence, as to Case No. CRF–87–95, Burglary in the Second Degree, After Former Conviction of Two or More Felonies, is **REVERSED** and **REMANDED** for retrial.

LUMPKIN, P.J., and LANE, CHAPEL and STRUBHAR, JJ., concur.