Thomas Cecil CRAWFORD, Petitioner,

v.

Judge Elvin J. BROWN, Judge of the District Court of Cleveland County, the District Court In and For Cleveland County, Respondent.

No. P–74–275.

Court of Criminal Appeals of Oklahoma.

June 11, 1975.

OPINION

BLISS, Judge:

On October 17, 1973, the defendant in this case was charged with Unlawful Possession of a Narcotic With Intent to Distribute. Trial before a jury was set for February 18, 1974. The defendant moved to strike his case from jury trial assignment, having expressed an affirmative desire to waive his constitutional right to a jury trial and be tried by the court. The District Attorney objected and demanded that the State of Oklahoma was entitled to a trial by jury. The defendant's motion was overruled and his case was reset for May 13, 1974. The defendant petitioned this Court for a writ of prohibition seeking to prevent his case from being tried before a jury. This Court assumed original jurisdiction and denied the defendant's writ on May 9, 1974. This formal Opinion follows in conformity with that Order.

Article VII, Section 20 of the Constitution of the State of Oklahoma provided:

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury; in which case the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury."

This Court, relying on the above constitutional provision, has held in Morrison v. State, 31 Okl.Cr. 11, 236 P. 901:

"We find no fault with the law announced that a defendant may waive a trial by jury. We have found nothing in the record that indicates that the state also waived a trial by jury, nor is our attention called to any decision holding that a trial court, even though a waiver is made by both parties, may not of his own volition have a jury pass on the facts. The right is not given to a de-

fendant to elect whether he will be tried by the court or by a jury. The state is entitled to a jury, although the defendant may expressly waive a jury. The Constitution (section 20, art. 7), contemplates that in order for a waiver to be effective both parties should. waive the right to have the issues of fact determined by a jury. Cowden v. State, supra; In re Wilkins, 7 Okl.Cr.R. 422, 115 P. 1118. There was no error in the calling of a jury by the trial court."

See also Staley v. State, 64 Okl.Cr. 302, 79 P.2d 818; Jenkins v. State, 80 Okl.Cr. 328, 162 P.2d 336; and Mougell v. State, 97 Okl.Cr. 180, 260 P.2d 447 citing Morrison v. State, supra, and Ex parte King, 42 Okl.Cr. 46, 274 P. 682. On July 11, 1967, Article VII, Section 20 of the Constitution of the State of Oklahoma was repealed by State Question No. 448, Legislative Referendum No. 164, adopted by a vote of the people.

Consequently, we are forced to turn to other constitutional provisions. Article II, Section 19 of the Constitution of the State of Oklahoma states:

"The right of trial by jury shall be and remain inviolate, . . ."

Article II, Section 20 of the same states:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury . . . ."

The origin of the right to trial by jury in early England is unclear. It appears to have developed as an alternative to the older methods of trial by ordeal (i. e., fire or water) or trial by combat. By the earlier fourteenth century, trial by jury had become the principal means of disposing of criminal cases. However, a defendant was required to consent to a jury trial. Those who refused to submit to a jury trial were tortured until death or until they gave their consent. It is interesting to note that many defendants went to their death rather than consent to a jury trial, for conviction at trial resulted in the forfeiture of one's entire estate to the crown. See Edward Jenks', A Short History of English Law, 1949.

A defendant who refused a jury trial was offered no alternative method of trial. A 1772 English statute decreed that a defendant who refused to consent to a jury trial and stood mute was deemed to have pleaded guilty. It was 1827 when this procedure was abolished and a mute defendant granted a trial by jury without his formal consent. And yet as late as 1827, the common law gave a criminal defendant no choice between a jury trial or a trial before a judge. The jury trial, by its intrinsic fairness as contrasted with older modes, grew fast to be regarded as the one regular common law method of trial. See James Bradley Thayer's, Preliminary Treatise on Evidence at Common Law, 1898.

It appears obvious, then, that at common law, a defendant did not have an option between a trial by jury and a trial to the court, but, in fact, had to face a jury of his peers. This line of reasoning is inherent in Article III, Section 2 of the United States Constitution:

"The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; . . . ."

The framers of our Constitution felt it was necessary to protect an accused from governmental oppression. Alexander Hamilton in The Federalist, No. 83, believed that the Constitution designated trial by jury as the only method of determining guilt or innocence. In 1834, Justice Story in United States v. Gibert, 25 Fed.Cas. 1287, felt that trial by jury was the only constitutionally permissible mode of trial. The United States Supreme Court finally ruled on the right of a defendant to waive a jury trial in *Federal* criminal cases in Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854. That Court held:

"Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has

such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from the mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity."

This position was affirmed in Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, and Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (dealing with Rule 23(a) of the Federal Rules of Criminal Procedure).

Article II, Sections 19 and 20 of the Constitution of the State of Oklahoma reaffirm the inviolate right of an accused to a trial by jury. In light of the historical developments in the common law and the emphasis which the framers of our State and Federal Constitutions placed upon the right to jury trial, we cannot understand how compelling a defendant to submit to a jury trial over his objections deprives him of his rights to either a fair trial or the due process of law. A criminal defendant's *only* constitutional right is to a speedy, public trial by an impartial jury. Accordingly, we do not find it unconstitutional to predicate the informed, intelligent waiver of such a right upon the consent of the State's attorney and the judge of the trial court. The refusal of either to consent will result in a trial by jury as guaranteed to the defendant by our Constitution (Article II, Sections 19 and 20). The State in our adversary criminal justice system, has a valid and legitimate interest in trying its case before that body which both history and the framers of our Constitutions have felt produced the fairest end result—the jury.

Therefore, we hold that, while the right to a jury trial is and shall remain inviolate, an informed, intelligent and voluntary waiver of that right may be made by the accused but only with the consent of the State and the trial judge.

BRETT, P. J., concurs in results.

BUSSEY, J., concurs.