**STATE of Oklahoma ex rel. Charles H. HEADRICK, District Attorney, Petitioner,**

**v.**

**John R. COUCH, Jr., Special District Judge, Respondent.**

**No. O–75–403.**

Court of Criminal Appeals of Oklahoma.

Aug. 1, 1975.

Charles H. Headrick, pro se.

John R. Couch, pro se.

OPINION

BUSSEY, Judge:

Petitioner, The State of Oklahoma, has filed a Petition asking this Court to issue a Writ of Mandamus to the Payne County District Court. Petitioner alleges that on the 11th day of July, 1975, one Richard Dare Hall appeared with his attorney of record before the Honorable John R. Couch, Jr., Special District Judge, in Case No. CRM–75–503—Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor—and waived his right to a jury trial and indicated a desire to enter a plea of guilty. The Petitioner, at that time, objected and requested the case be placed on the next jury docket. Judge Couch denied the request for a jury trial and allowed the defendant to enter a plea of guilty. The Petitioner now asks this Court to issue a Writ of Mandamus compelling Judge Couch to place the case on the next jury docket.

For support, the Petitioner cites the recent case of *Crawford v. Brown*, Okl.Cr., 536 P.2d 988 (1975), wherein this Court held that the State had a right to a jury trial in a criminal case even after the defendant had waived his right to a jury trial. The instant case, however, is factually different than *Crawford, supra.* The instant case presents the question of whether or not a defendant in a criminal case has the right to enter a plea of guilty when the State demands a jury trial.

In the case of *Ledgerwood v. State*, Okl.Cr., 455 P.2d 745 (1969), this Court held, in the third paragraph of the Syllabus:

"When guilty plea is entered, there is no fact remaining for jury to determine and there remains only the imposition of judgment and sentence."

Further, in the case of *Kennedy v. State*, Okl.Cr., 92 P.2d 384 (1939), this Court stated, at page 385 of the official Opinion:

"There are three kinds of pleas to an indictment or information. A plea of:

'First, Guilty.

'Second, Not guilty.

'Third, A former judgment of conviction or acquittal of the offense charged, which must be specially pleaded, either with or without the plea of not guilty.'

"Under our statute a conviction of crime may be had in three ways; either by the verdict of a jury or by findings of fact by the judge, where a jury is waived, Sec. 20, Art. 7, Const., Okl.St. Ann. or by a plea of guilty. In re Opinion of the Judges, 6 Okl.Cr. 18, 115 P. 1028.

"Under our statute the plea of guilty may be entered in all criminal cases, and the effect of such a plea is to authorize a judgment of conviction and imposition of punishment as prescribed by law."

Also see 22 O.S.1971, § 465.

It is, therefore, our conclusion that a defendant does have a right to enter a plea of guilty to a crime of which he stands charged and said plea leaves no facts to be determined and, therefore, the State does not have a right to a jury trial when the defendant wishes to enter a guilty plea.

This case is clearly distinguishable from *Crawford, supra,* for in *Crawford* we held that the defendant could not waive his right to a jury trial and proceed with a non-jury trial before the court, without the consent of the State and the Judge. Without question, our statute grants a defendant, in a criminal case, the right to enter a plea of guilty, and our decision today is not in conflict with *Crawford, supra.*

For all of the above and foregoing reasons, the Petition for Writ of Mandamus, is accordingly *denied.*

BRETT, P. J., and BLISS, J., concur.