**Joseph Ernest GUINDON, and Daniel R. Barney, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**Nos. M–79–501, M–79–502.**

Court of Criminal Appeals of Oklahoma.

April 17, 1981.

---

**3.** The current law on surprise can be found at 12 O.S.Supp.1980, § 2403.

John L. Shafer, III, Tulsa, for appellants.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Chief, Criminal Division, State of Oklahoma, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellants in Case No. M–79–501, Joseph Ernest Guindon, et al., were charged with Trespassing After Being Forbidden, under 21 O.S.1971, § 1835(a), in the District Court of Rogers County, Cases No. CRM–79–6 through CRM–79–22. At the trial before the Honorable David Allen Box, Special District Judge, without a jury, all of the appellants were convicted. Each received a Twenty-Five Dollar ($25.00) fine, which was suspended. The appellants in Case No. M–79–502, Daniel R. Barney, et al., were charged under the same statute, also in Rogers County, in Cases No. CRM–78–897 through CRM–78–910. They were also tried without a jury before Judge Box. They were all convicted and were fined Twenty-Five Dollars ($25.00) each with each fine suspended. Since the sole assign-

ment of error raised by Barney, et al., was also raised by Guindon, et al., the cases have been consolidated for decision.

In the Guindon case, the facts are as follows: On January 4, 1979, a Westinghouse nuclear reactor vessel was scheduled to be unloaded on the south loading dock of the Port of Catoosa, located on the McClellan/Kerr Navigation System. The nuclear reactor vessel was destined for shipment to the Wolf Creek nuclear reactor under construction at Burlingame, Kansas. In protest of nuclear power and the unloading of this nuclear reactor, the appellants congregated on the south loading dock. They were then arrested after they refused an order to leave. The facts in the other case are as follows: The appellants assembled at the proposed site of the Black Fox nuclear power plant for the purpose of protesting nuclear power. They were then arrested after they refused an order to leave.

The appellants in both cases argue that the trial court erred in denying them jury trials under the provisions of Article II, Section 19, of the Oklahoma Constitution.

■ We hold that the appellants were entitled to jury trials. The pertinent provision of the Oklahoma Constitution, Article II, Section 19, was amended in 1968. The relevant portion of this provision, as amended, reads:

> The right of trial by jury shall be and remain inviolate, except in civil cases wherein the amount in controversy does not exceed One Hundred Dollars ($100.00), or in criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Hundred Dollars ($100.00). *Provided, however, that the Legislature may provide for jury trial in cases involving lesser amounts* .... [Emphasis added.]

Closely related to this constitutional provision is 22 O.S.1971, § 601:

> The jury consists of twelve (12) persons except that in misdemeanors it shall consist of six (6) persons, chosen as prescribed by law, and sworn or affirmed well and truly to try and true deliverance to make between the State of Oklahoma and the defendant whom they shall have in charge, and a true verdict to give according to the evidence. *Criminal cases wherein the punishment for the offense charged is by a fine only not exceeding Twenty Dollars ($20.00) shall be tried to the court without a jury.* [Emphasis Added]

Section 601 was amended by Laws 1968, c. 371, § 1, in an act entitled, "An act relating to juries; amending 22 O.S.1961, § 601; providing constituency of juries in criminal cases; providing constituency of juries in civil actions; providing for codification; and providing for an effective date." Section 4 of this Act clearly demonstrates the relationship between this Act and the amended Article II, Section 19:

> This Act shall be effective on January 13, 1969, *only if the Amendment of Article II, Section 19 of the Constitution proposed by House Joint Resolution No. 559 of the Second Session of the Thirty-first Oklahoma Legislature is approved by the people.* [Emphasis added].

The people of Oklahoma did approve the constitutional amendment on September 17, 1968.

■ The appellants argue that when the Legislature provided there could be no jury trial if the only possible punishment was a fine of twenty dollars ($20.00) or less, it implicitly provided that there *could* be a jury trial if the only punishment was a fine greater than twenty dollars ($20.00). The State argues that the Constitution requires the Legislature *"provide"* for jury trials where the fine is under one hundred dollars ($100.00). It asserts that this requires an affirmatively worded statute, not one where the right is granted by way of implication. But since the Constitution already provides for no jury trial where the punishment is by a fine only, not exceeding one hundred dollars ($100.00), the addition of the last sentence in Section 601 is meaningless unless the Legislature intended for persons to have the right to jury trial in cases involving fines between twenty dollars ($20.00) and one hundred dollars ($100.00),

as well as in excess of one hundred dollars ($100.00). And a firm rule of construction is that all parts and provisions of a statute should be given effect and meaning if it is at all possible. *Pierro v. Turner*, 95 Okl.Cr. 425, 247 P.2d 291 (1952); *Matthews v. State*, 67 Okl.Cr. 203, 93 P.2d 549 (1939).

 The State also argues that the amendment to Section 601 violated Article 5, Section 57, of the Oklahoma Constitution. That provision provides that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. But in making its argument, the State refers to 22 O.S.1971, § 601, as codified, and to the heading given the section by the codifiers. This is not the "act" and "title" to which the constitutional provision pertains. The relevant act is Laws 1968, c. 371, supra, and its title, which is quoted above. That Act clearly pertains to a single subject—the constituency of juries.

Argument could be made that the language of 22 O.S.1971, § 601, is such as to create only an implied right to jury trial wherein the fine exceeds twenty dollars ($20.00). We believe further that this potential ambiguity is inferentially resolved by looking to the only other area wherein the Legislature has exercised its authority regarding this issue. Title 11 O.S.Supp. 1980, § 27–119, provides:

> In all prosecutions in the municipal court, for any offense punishable by a fine of more than Thirty-five Dollars ($35.00), ... a jury trial shall be had unless waived by the defendant and the municipality,

Further, it provides:

> If the municipality has not compiled its ordinances as provided by law, the fine shall not exceed Twenty Dollars ($20.00).

This clearly dictates that where a municipality has failed to comply with the special legislative requirements for establishing their own penal ordinances, they are limited to the general state provisions which require jury trial where the fine exceeds twenty dollars ($20.00).

As to the second issue raised in this appeal, we hold the trial court did not err in its interpretation of 21 O.S.1971, § 1835, in that the unwarranted intrusion into the loading dock area does constitute an illegal trespass.

The judgments and sentences are reversed and remanded for a new trial.

BUSSEY, J., and BOYDSTON, Special Judge, concur.