**Joseph CRAWFORD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–93–786.

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1994.

Conviction of a Felony (21 O.S.1981, § 791); and Larceny of an Automobile, After Former Conviction of a Felony (21 O.S.1981, § 1720), Case No. CRF–88–41, in the District Court of Creek County. The jury found the existence of one aggravating circumstance and recommended punishment of death for the murder conviction and imprisonment for ninety-nine (99) years for the burglary conviction; forty-five (45) years for the robbery conviction and twenty (20) years for the larceny of an automobile conviction. The trial court sentenced accordingly. From this judgment and sentence Appellant perfected a direct appeal.

In *Crawford v. State*, 840 P.2d 627 (Okl.Cr. 1992) this Court affirmed the convictions for First Degree Murder, Robbery by Force and Larceny of an Automobile and reversed the conviction for first degree burglary. The death sentence imposed as punishment for the first degree murder conviction was set aside and the case remanded to the trial court for re-sentencing based upon a finding of insufficient evidence to support the sole aggravating circumstance. Life imprisonment without the possibility of parole was the sentence imposed upon re-sentencing. It is from that sentence which Appellant now appeals.

Life imprisonment without the possibility of parole and life imprisonment were the only two sentencing options upon remand. Appellant requested the sentencing decision be made by a jury. The trial court opined that the opinion handed down by this Court precluded jury re-sentencing.[1] Therefore, Appellant's request was denied and he was re-sentenced in a non-jury proceeding. On appeal, Appellant argues in the alternative that denying him a jury for re-sentencing under 21 O.S.Supp.1989, § 701.10a[2] was a violation

Frank Pacenza, Cleveland, for appellant, at re-sentencing.

Lendell S. Blosser, Asst. Appellate Indigent Defender, Norman, for appellant, on appeal.

Lantz McClain, Dist. Atty., Michael S. Loeffler, Asst. Dist. Atty., Sapulpa, for State, at re-sentencing.

Susan Brimer Loving, Atty. Gen., A. Diane Blalock, Asst. Atty. Gen., Oklahoma City, for State, on appeal.

## OPINION

LUMPKIN, Presiding Judge:

Appellant Joseph Crawford was tried by jury and convicted in October 1988 of Murder in the First Degree (21 O.S.Supp.1982, § 701.7); First Degree Burglary, After Former Conviction of a Felony (21 O.S.1981, § 1431); Robbery by Force, After Former

---

1. This Court did not intend to preclude jury re-sentencing in *Crawford*, 840 P.2d at 641. Instead of this Court determining the type of re-sentencing hearing to be conducted, *Crawford* directed the trial court to the appropriate statutory procedure.

2. 21 O.S.Supp.1989 § 701.10a. Sentencing proceeding on remand—Murder in the first degree provides in pertinent part:

Notwithstanding subsection A of Section 701.10 of this title, which requires that the same jury sit in the sentencing phase of a capital murder trial, the following shall apply: 1. Upon any appeal by the defendant where the sentence is of death, the appellate court, if it finds prejudicial error in the sentencing proceeding only, may set aside the sentence of death and remand the case to the trial court in the jurisdiction in which the defendant was originally sentenced. No error in the sentenc-

of the Equal Protection Clause of the United States Constitution. He also argues that 21 O.S.Supp.1989, § 701.10a was improperly applied in this case and he should have been resentenced under the provisions of 22 O.S. 1991, § 929.

As to his first argument, Appellant contends that in as much as jury re-sentencing is available in non-capital cases,[3] the denial of jury re-sentencing in capital cases unfairly sets apart capital defendants who successfully appeal their death sentences. He argues this deprives capital defendants of the opportunity to have a jury re-sentence them in violation of the equal protection clause of the Fourteenth Amendment. The State finds no equal protection violation and argues the statute allows for leeway in plea negotiations between the prosecution and the defense when a capital case is remanded for resentencing.

The process for analyzing the constitutionality of a statute under the Equal Protection Clause has been previously set forth in *Swart v. State*, 720 P.2d 1265 (Okl.Cr.1986). In *Swart* we stated:

> In analyzing the constitutionality of a statute under the equal protection clause, the U.S. Supreme Court has developed a two tiered test: First, the Court has held that "equal protection analysis requires strict scrutiny of a legislative classification ... when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class." (cite omitted).

Classifications subjected to strict scrutiny will be upheld only if they are substantially related to an extremely important or compelling end of government. If the classification does not invoke analysis under the strict scrutiny tier, the legislation is then analyzed under the "rational relationship test." Under this approach, a legislative classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920). In short, the challenged classification must be "rationally related to a legitimate state interest." *City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511 (1976). Under this second tier, "a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect." *Danridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970). See also *State v. Pratt*, 816 P.2d 1149, 1152 (Okl.Cr.1991); *Clegg v. Oklahoma State Election Board*, 637 P.2d 103, 105 (Okl.1991); *Callaway v. City of Edmond*, 791 P.2d 104, 106 (Okl.Cr.1990).

Appellant argues the procedures in Section 701.10a for re-sentencing affected his right to appeal, therefore the statute must meet the more stringent test. We disagree with Appellant and find that Section 701.10a does not

---

ing proceeding shall result in the reversal of the conviction for a capital felony. *When a capital case is remanded* after vacation of a death sentence, *the prosecutor may:*
a. move the trial court to impose a sentence of life imprisonment or life imprisonment without parole, one of which the trial court shall impose after a non-jury sentencing proceeding; or
b. move the trial court to impanel a new sentencing jury and the sentencing jury shall determine whether the defendant should be sentenced to life imprisonment, life imprisonment without parole or death. (Emphasis Added)

3. 22 O.S.1991, § 929 allows a defendant in a non-capital case to request a jury in a re-sentencing proceeding. Section 929 provides in pertinent part:

A. Upon any appeal of a conviction by the defendant *in a non-capital criminal case,* the appellate court, if it finds prejudicial error in the sentencing proceeding only, may set aside the sentence rendered and remand the case to the trial court in the jurisdiction in which the defendant was originally sentenced for resentencing. No error in the sentencing proceeding shall result in the reversal of the conviction in a criminal case unless the error directly affected the determination of guilt.
B. *When a criminal case is remanded for vacation of a sentence, the court may:*
1. Set the case for a non-jury sentencing proceeding; or
2. If the defendant or the prosecutor so requests in writing, impanel a new sentencing jury. (Emphasis Added)

impact Appellant's constitutional right to appeal the judgment and sentence rendered against him. Contrary to Appellant's claim, in exercising his right to appeal he is not being unfairly placed in a category of people who are denied sentencing options that others in the same situation are afforded. The only sentencing options available are life imprisonment and life imprisonment without parole, regardless of whether a judge or jury imposes the sentence. The fact the death penalty is not an option is due to this Court's appellate review, not the provisions of Section 701.10a.

Appellant's complaint focuses on the "right" to jury re-sentencing. No "right" exists under either the federal or state constitutions to have the jury assess punishment. The decision whether a particular punishment is appropriate in any given case is not one that has been required to be made by a jury. *Cabana v. Bullock,* 474 U.S. 376, 384–86, 106 S.Ct. 689, 696, 88 L.Ed.2d 704 (1986). Where the fine or period of imprisonment is fixed by law, it is usually for the court and not for the jury to assess it unless such power is conferred on a jury by constitutional or statutory provision. *Wood v. State,* 557 P.2d 436, 444 (Okl.Cr.1976). Jury sentencing is purely a statutory creation in Oklahoma. See 22 O.S.1981, § 926; 21 O.S.Supp.1987, § 701.10. Therefore, no fundamental right has been violated by the trial court's ruling. Having determined that Section 701.10a does not violate a fundamental right, and as Appellant has failed to show that he is a member of a "suspect" class [4] for purposes of equal protection analysis, we will apply the rational relationship test.

The Supreme Court has stated that under the rational relationship test, "[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961). *See also Swart,* 720 P.2d at 1269. In its analysis of the rationale

behind the statute, the State argues the prosecution could have two (2) legitimate reasons for electing to proceed under § 701.10a(1)(a): 1) because the State's case in second stage was weakened over the course of time by this Court's ruling on direct appeal or 2) pursuant to a plea bargain with the defendant, where rather than risk receiving the death penalty again in a re-sentencing proceeding before a jury (which is not the fact situation presented in this case), the defendant could proceed in a non-jury trial hearing risking only sentence of life and life without parole. For some defendants whose cases would be remanded for re-sentencing, the life without parole sentence on remand might be an option that was not available to them at the time of their initial trial. Therefore, the State would have an additional tool to use for plea bargaining when the case was remanded. Under either scenario, the State could believe that giving up the possibility of the death sentence and having a shortened re-sentencing proceeding was in the best interest of all involved.

While this different treatment of capital defendants from non-capital defendants is rationally based, and is justified by the crucial difference in capital cases and non-capital cases, this is not the sole basis for Section 701.10a.

Regulating re-sentencing is a valid exercise of legislative authority. The Legislature could repeal 22 O.S.1981, § 926 and 21 O.S. 1991, § 701.10, and enact legislation which would provide judge sentencing in all cases. The establishment of this Legislative policy is within its constitutional authority. It is also within its constitutional authority to enact legislation relating to the procedure to be utilized in capital and non-capital cases remanded for resentencing. Based on the rational basis of the distinction of options available upon resentencing in capital cases, we therefore find Section 701.10a bears a rational relation to a legitimate state interest.

---

4. A suspect class for purposes of equal protection analysis is one "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political

process." *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 28, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16 (1973); *Ross v. Peters,* 846 P.2d 1107, 1115 (Okl.1993) n. 35. Criminal defendants have not been found by the courts as a "suspect class".

Contrary to Appellant's assertions 22 O.S. 1981, § 926 is not applicable here. The option of jury sentencing is established by the Legislature. While granting the option to all criminal defendants in the first instance, the Legislature has determined under 21 O.S.Supp.1989, § 710.10a. that option is not available to all defendants on remand, in the second instance. This is due to the fact the only decision is whether the life sentence is with or without parole. The specific provisions of Section 710.10a control over the general provisions of Sections 926 and 929.

Appellant argues in the alternative that Section 701.10a is not applicable to him. He claims that Section 701.10a only governs re-sentencing procedures in capital cases that have been remanded. As he is no longer facing the death penalty, Appellant argues his case is no longer a capital case and he should have been re-sentenced under 22 O.S. 1991, § 929. Although Appellant is not still faced with the death penalty, this is still a capital case for purposes of re-sentencing. At the trial level, the State's notice of intent to seek the death penalty by the filing of a bill of particulars transforms a regular felony case into a capital case. If the death penalty is not imposed after a conviction, the case is appealed as a regular felony appeal. However, once the death penalty is imposed by the trier of fact, the case remains a capital case until direct appeal, which includes any resentencing proceedings, is completed. Section 701.10a is a specific statutory provision dealing with cases wherein the death penalty is initially imposed by the trier of fact and that sentence is subsequently set aside by this Court and the case remanded back to the trial court. It is well established that when conflicts arise between various statutes applying to the same situation, the more specific of the statutes governs. *Stiles v. State*, 829 P.2d 984, 989 (Okl.Cr.1992); *Holder v. State*, 556 P.2d 1049, 1053 (Okl.Cr.1976). And when statutes are specifically designed by the Legislature to treat a given situation, that intent should be effectuated. *Luster v. State*, 746 P.2d 1159 (Okl.Cr.1987). Therefore, it follows that the Legislature intended the specific statutory resentencing procedure designed for capital cases found in Title 21, Section 701.10a to take precedence over the general provisions for resentencing found in 22 O.S.1991, § 929. *See also Livingston v. State*, 795 P.2d 1055 (Okl.Cr.1990). Accordingly, we find Appellant was properly resentenced under the provisions of 21 O.S.Supp. 1989, § 701.10a.

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the sentence of the trial court is *AFFIRMED.*

JOHNSON, V.P.J., and LANE, CHAPEL and STRUBHAR, JJ., concur.