2009 OK CR 20

**Tommy Wayne LOVE, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. F–2008–236.

Court of Criminal Appeals of Oklahoma.

June 30, 2009.

Curt Allen, Assistant Public Defender, Tulsa, OK, attorney for defendant at trial.

Courtney Smith, Assistant District Attorney, Tulsa, OK, attorney for State at trial.

Stuart Southerland, Assistant Public Defender, Tulsa, OK, attorney for petitioner on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma Jennifer Blakeney Welch, Assistant Attorney General, Oklahoma City, OK, attorneys for respondent on appeal.

## OPINION

CHAPEL, Judge.

¶ 1 Tommy Wayne Love was tried by jury and convicted of Count I, Trafficking in Controlled Drugs in violation of 63 O.S.Supp. 2004, § 2–415(C), in the District Court of Tulsa County, CF–2006–5877.[1] In accordance with the jury's recommendation the Honorable Gordon McAllister sentenced Love to twenty (20) years imprisonment and a fine of $25,000, all but $500 suspended. Love appeals from this conviction and sentence.

¶ 2 Love raises four propositions of error in support of his appeal:

I. It was error for the District Court to refuse Love's requested jury instruction, which gave the jury the option of either sentencing Love or permitting the court to do so;

II. The stop and search of Love's vehicle violated Love's right to be free from unreasonable search and seizure under both the United States and Oklahoma Constitutions;

III. The evidence presented at trial was insufficient to support a conviction in Count III, failure to signal; and

IV. Trafficking in controlled drugs as prohibited by 63 O.S.Supp.2004, § 2–415, is unconstitutional, because it purports to create a non-rebuttable presumption of an intent to distribute drugs, on a large scale, based solely upon the quantity possessed.

¶ 3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and briefs, we find that neither modification nor reversal is required by the law or evidence. We find in Proposition I that Love could not waive his right to a jury trial without the consent of the State.[2] We further find that, although Love attempted to waive a jury trial, he had no right to unilaterally waive jury assessment of punishment.[3] Consequently, the trial court did not err in refusing Love's requested jury instruction.[4]

¶ 4 We find in Proposition II that the traffic stop was justified. The trial court's factual findings in the Motion to Suppress, that Love failed to signal a turn and other

1. Love was convicted in non-jury proceedings of Count II, Driving Under Suspension in violation of 47 O.S.Supp.2005, § 6–303, and Count III, Failure to Signal in violation of 47 O.S.2001, § 11–604. The trial court sentenced Love to a fine of $50 and costs on Count II and a fine of $10 and costs on Count III, with credit for time served on both counts so neither fines nor costs were owed.

2. *Valega v. City of Oklahoma City,* 1988 OK CR 101, ¶ 5, 755 P.2d 118, 119; *Crawford v. Brown,* 1975 OK CR 114, ¶ 13, 536 P.2d 988, 990.

3. *Morrison v. State,* 1980 OK CR 74, ¶ 14, 619 P.2d 203, 209.; *Case v. State,* 1976 OK CR 250, ¶ 28, 555 P.2d 619, 625; *Reddell v. State,* 1975 OK CR 229, ¶ 33, 543 P.2d 574, 581–82. Following *Crawford, Case* also held that any proposed waiver of jury assessment of punishment must be joined by the prosecutor and trial court.

4. In addition, we will not find that the trial court erred in giving the applicable uniform jury instruction, which accurately states the law. 12 O.S.2001, § 577.2.

traffic may have been affected by that failure, were not clearly erroneous.[5]  We further find that the search of Love's car was incident to a lawful arrest.[6]  We find in Proposition III that, taking the evidence in the light most favorable to the State, any rational trier of fact could find beyond a reasonable doubt that Love failed to signal before turning, and that failure may have affected other traffic.[7]

■  ¶ 5 In Proposition IV Love claims that the trafficking statute violates due process and equal protection.  Possession of five or more grams of crack cocaine is prohibited as trafficking.[8]  Love claims this violates due process and equal protection because it creates a non-rebuttable presumption, based solely on the amount of drugs possessed, that the defendant is a major drug dealer.  This Court held in *Anderson v. State* that the trafficking statute does not violate due process.[9]  In so finding, the Court specifically found that the statute did not create any sort of a presumption that the defendant sold or intended to sell drugs.[10]  In the same vein, the statute does not presume that trafficking defendants are major drug dealers.  As we said in *Anderson*, "The statute merely sets forth guidelines for punishment, and represents a determination by the Legislature that 'those who possess [five or more grams of crack cocaine] deserve a stiff punishment.'"[11]

■  ¶ 6 We will presume the validity of a state law when analyzing an equal protection claim.[12]  Love must show the trafficking statute impermissibly interferes with his exercise of a fundamental right or operates to his disadvantage as a member of a suspect class, or show that the statute is not rationally related to a legitimate state interest.[13]  Love does not suggest his case requires strict scrutiny, but argues that there is no legitimate state interest in enacting punishment based on possession of a quantity of drugs as opposed to drug distribution.  He claims that equal protection is violated if the statute merely provides for a harsher punishment based on the amount in possession, without presuming that defendants intend to distribute the drugs, because persons guilty of distribution of drugs may receive lesser penalties than persons who possess drugs in a certain quantity without proof of distribution.  He suggests that if the Legislature wants to enact a harsh punishment for possession of large quantities of drugs, it should do so by incorporating quantity requirements into the statute criminalizing possession with intent to distribute.

¶ 7 On its face this argument must fail.  The Legislature has a legitimate state interest in punishing harshly those people who possess large amounts of drugs.  The decision to do this by separately classifying persons who possess specific amounts of drugs is reasonable, not arbitrary, and the ground of difference—the amount in possession—relates fairly and substantially to the object of the legislation.[14]  The Legislature could have

5.  *Seabolt v. State*, 2006 OK CR 50, ¶ 5, 152 P.3d 235, 237; 47 O.S.2001, § 11–604.

6.  *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981) (after lawful custodial arrest of an occupant of a car, police may search passenger compartment incident to arrest); *Nealy v. State*, 1981 OK CR 142, ¶ 11, 636 P.2d 378, 381.

7.  *Dodd v. State*, 2004 OK CR 31, ¶ 80, 100 P.3d 1017, 1041–42.  Count III was not decided by the jury.  The trial court, sitting as a fact-finder on both misdemeanors, heard the evidence presented to the jury and convicted Love of both Count II and Count III. Officer Warne testified that he was driving on the same road and saw Love turn without signaling.  There was no opposing testimony.

8.  63 O.S.Supp.2004, § 2–415.

9.  *Anderson v. State*, 1995 OK CR 63, ¶ 5, 905 P.2d 231, 233.

10.  *Id.*

11.  *Id.*

12.  *Hatch v. State*, 1996 OK CR 37, ¶ 20, 924 P.2d 284, 289.

13.  *Hatch*, 1996 OK CR 37, ¶ 21, 924 P.2d at 289; *Clayton v. State*, 1995 OK CR 3, ¶ 17, 892 P.2d 646, 654.

14.  *Hatch*, 1996 OK CR 37, ¶ 21, 924 P.2d at 289; *Crawford v. State*, 1994 OK CR 58, ¶ 5, 881 P.2d 88, 90; *City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511 (1976).  This Court has held in unpublished Opinions that the trafficking statute does not violate equal protection.  *See, e.g., Ezell v. State*,

chosen to effect this goal through a different statutory provision. However, it is not constitutionally required to do so. The Legislature has wide discretion to pass laws which treat some people differently from others.[15] Its decision to do so in enacting the trafficking statute does not violate equal protection.

¶ 8 Love was originally charged after former conviction of one felony. The state intended to pass the preliminary hearing to add an allegation of a second prior offense to the second page of the Information. Love indicated he would accept a plea offer and waived preliminary hearing, then changed his mind about the plea. The State later asked to have the case remanded for preliminary hearing so they could add a second offense to the second page, but that request was denied. Although there is no amended Information in the Original Record, Love was not tried on the second page of the Information. The Information as read to the jury did not include an allegation of prior convictions, no second stage was had, and the jury was not instructed on the punishment ranges if a prior conviction was present. However, the Judgment and Sentence states that Love was convicted in Count I of Trafficking in Illegal Drugs, "prior convictions." We direct the District Court to enter an Order *Nunc Pro Tunc* correcting the Judgment and Sentence to reflect Love's actual conviction by removing the reference to prior convictions.

### Decision

¶ 9 The Judgment and Sentence of the District Court is **AFFIRMED.** The case is **REMANDED** to the District Court for an Order *Nunc Pro Tunc* correcting the Judgment and Sentence to reflect that Love was not convicted after conviction of a prior offense. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2009), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

A. JOHNSON, V.P.J., C. JOHNSON, P.J. and LEWIS, J.: concur.

LUMPKIN, J.: concur in results.

No. F–2000–1543 (Okl.Cr. January 11, 2002) (not for publication).

## LUMPKIN, JUDGE: CONCUR IN RESULT.

¶ 1 While I agree with the results reached by the Court, I disagree with some of the analysis and methodology.

¶ 2 I continue to adhere to my analysis in *Cannon v. State*, 1995 OK CR 45, 904 P.2d 89, ¶ 2, 904 P.2d 89, 108 (Lumpkin Concur in Result) (citing *Wainwright v. Witt*, 469 U.S. 412, 422, 105 S.Ct. 844, 851, 83 L.Ed.2d 841 (1985)), that "while there are exceptions, statements in footnotes are generally regarded as *dicta*, having no precedential value." I believe the Court should be clear that its holding is shown as a holding in the body of an opinion and not left to surmise by a reader by placement in a footnote.

¶ 3 Further, jury determination of punishment is strictly a statutory right. *See* 22 O.S.2001, § 926.1. *See also Romano v. State*, 1993 OK CR 8, ¶¶ 68 & 71, 847 P.2d 368, 384–385 (state constitution does not address the role of the jury in sentencing a defendant; the law and procedure to be followed in sentencing a defendant is set out in § 926 [now § 926.1] ). Thus the language of the statute controls. *See King v. State*, 2008 OK CR 13, ¶ 7, 182 P.3d 842, 844 (in order to give effect to the Legislature's expressed intentions we construe statutes using the plain and ordinary meaning of their language).

¶ 4 The plain language of § 926.1 states that jury determination of punishment is a discretionary procedure that is only made mandatory if the defendant requests the jury to set the punishment. The statutory language indicates if a defendant fails to file a demand for jury sentencing, the trial judge has the option of tasking the jury to determine punishment or elect to set punishment himself or herself. This statute does not grant the State any standing to request or object to jury sentencing.

¶ 5 The majority opinion relies on previous decisions from this Court which have improperly meshed the constitutional right to a jury trial with the statutory right to sentencing.

**15.** *Tyler v. State*, 1989 OK CR 31, ¶ 8, 777 P.2d 1352, 1354.

The constitutional right to a jury trial, in which the defendant and the State equally share, is limited to the right to have a jury determination of guilt. *See Okl. Const.,* Article II, Section 19. *See also Romano,* 1993 OK CR 8, ¶¶ 69–70, 847 P.2d at 385; *Guindon v. State,* 1981 OK CR 47, ¶¶ 4–6, 627 P.2d 449, 451. The statutory option for jury sentencing is placed in the hands of the defendant and the trial judge, not the State, under § 926.1. Cases that merely state bald assertions of a right by the State without citation to authority cannot be authority for a principle of law. The statutory language controls. Therefore, I urge the Court to return to the basics of statutory construction and apply the plain language of the statute.