UNITED STATES of America, Appellant,

v.

Shawn MURPHY, Defendant–Appellee.

No. 135, Docket 92–1208.

United States Court of Appeals, Second Circuit.

Argued Oct. 13, 1992.

Decided Nov. 5, 1992.

Alex V. Hernandez, Asst. U.S. Atty., District of Connecticut (Albert S. Dabrowski, U.S. Atty., District of Connecticut, of counsel), for appellant.

John M. Andreini, Hartford, Conn. (Dubay & Andreini, Hartford, Conn., of counsel), for defendant-appellee.

Before: LUMBARD, ALTIMARI, and McLAUGHLIN, Circuit Judges.

ALTIMARI, Circuit Judge:

The United States appeals from the sentence imposed on defendant-appellee Shawn Murphy by the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*), following Murphy's conviction for cultivating in excess of 100 marijuana plants after entering a plea of guilty. In sentencing Murphy, the district judge ruled that the five year mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(B)(vii) violates the constitutional guarantees of equal protection and due process and that the drug quantity table of U.S.S.G. § 2D1.1(c) violates the constitution's guarantee of due process. According to the district court, there was no rational basis for either the statute or the sentencing guideline to equate one unharvested marijuana plant with one kilogram of dried marijuana, because one marijuana plant can not produce one kilogram of dried marijuana. Given this conclusion, the district court directed the Probation Department to recalculate Murphy's offense level according to the lower plant weight equivalency of one plant equaling 100 grams of marijuana—the ratio employed when fewer marijuana plants are involved—because this is approximately the quantity of useable marijuana that can be obtained from one plant. Based on this recalculation, defendant was sentenced to 27 months in prison instead of the minimum 60 month sentence mandated by 21 U.S.C. § 841(b)(1)(B)(vii).

On appeal, the government contends that the district court erred in holding the statutes unconstitutional. Specifically, the government maintains that both statutes are rationally related to a legitimate state interest—to deter and penalize marijuana production by inflicting more severe punishment on larger scale growers of marijuana. For the reasons set forth below, we vacate and remand for resentencing.

## BACKGROUND

The facts giving rise to this case are undisputed. On June 28, 1991, an Auxiliary Connecticut State Trooper discovered a large number of marijuana plants contained within an enclosure in a wooded area in Norwich, Connecticut. Following the discovery, the plants and the enclosure were photographed and a surveillance was commenced. The next morning, appellee Murphy arrived at the enclosure and began tending to the plants. A short while later, Murphy was arrested. Law enforcement officials uprooted a total of 447 marijuana

plants being grown by Murphy. A subsequent search of Murphy's residence uncovered twenty marijuana seeds in a plastic bag labeled "Rich Indica," negatives of 23 photographs of marijuana plants, and three bags containing marijuana cultivation paraphernalia.

On September 3, 1991, Murphy entered a plea of guilty in the United States District Court for the District of Connecticut (Dorsey, *J.*) to cultivating in excess of 100 marijuana plants, in violation of 21 U.S.C. § 841(a)(1). The Probation Department relied on U.S.S.G. § 2D1.1(c), which treats each marijuana plant as equivalent to one kilogram of dried marijuana, in obtaining Murphy's base level offense of 28. Murphy received a two point downward adjustment for acceptance of responsibility. Murphy's criminal history category was determined to be category I, resulting in a sentencing range of 63 to 78 months given Murphy's adjusted offense level of 26. Because more than 100 marijuana plants were involved, 21 U.S.C. § 841(b)(1)(B)(vii) mandates a sentence of no less than 60 months. The range proposed by the Probation Department was, therefore, not only permissible under the statute, it was effectively mandated by it.

Prior to sentencing, Murphy challenged both 21 U.S.C. § 841(b)(1)(B)(vii) and U.S.S.G. § 2D1.1(c) on constitutional grounds. Specifically, Murphy argued that because there was no rational basis for either the statute or the sentencing guideline to equate an unharvested marijuana plant with a kilogram of marijuana, both provisions violated his right to due process under the law. Murphy also maintains that the 21 U.S.C. § 841(b)(1)(B)(vii) violates his right to equal protection under the law, because under this statute an individual caught growing marijuana is irrationally treated differently than an individual who had harvested the marijuana immediately prior to being arrested. The district court agreed, and directed the Probation Department to recalculate defendant's offense level according to the lower plant-weight equivalency ratio of one plant being equal to 100 grams of marijuana. This resulted in an adjusted offense level of 18. The

district court subsequently sentenced Murphy to 27 months imprisonment. Murphy is presently serving the prison term imposed by the court.

The government now appeals to contest the propriety of this sentence, and in so doing challenges the district court's holding that 21 U.S.C. § 841(b)(1)(B)(vii) and U.S.S.G. § 2D1.1(c) are unconstitutional.

## DISCUSSION

On appeal, the government contends that because Congress had a rational basis for its choice of penalties, both the statute and the sentencing guideline pass constitutional muster. We agree.

### I. *The Statute*

■ Initially we note that the constitutionality of a statute is a legal question subject to *de novo* review. *See, e.g., United States v. Osburn*, 955 F.2d 1500, 1503 (11th Cir.1992). Indeed, in reviewing *de novo* a holding that 21 U.S.C. § 841(b)(1)(B)(vii) was unconstitutional, the court in *Osburn* vacated and remanded the sentence imposed for the identical reasons urged by the government here. *Id.* at 1508–09; *see also, United States v. Motz*, 936 F.2d 1021, 1025 (9th Cir.1991) (rejecting the same constitutional challenge to 21 U.S.C. § 841(b)(1)(B)(vii)).

The defendant in *Osburn* was convicted of growing more than 100 marijuana plants. The district court accepted Osburn's arguments that the same statute at issue here violated Osburn's rights to equal protection and due process. *United States v. Osburn*, 756 F.Supp. 571, 576 (N.D.Ga. 1991). Congress established the sentencing ranges contained in that statute, 21 U.S.C. § 841(b), based on the actual quantity of dry marijuana seized or the "equivalent" number of plants. The district court in *Osburn*, like the district court here, found that there was no rational basis to support either 21 U.S.C. § 841(b) or U.S.S.G. § 2D1.1(c), because one plant cannot produce 1000 grams of marijuana. *Id.*

■ In vacating the sentence imposed by the district court in *Osburn* and remanding for resentencing, the Eleventh Circuit first noted the obvious fact that growers of more than 100 marijuana plants do not constitute a suspect class. 955 F.2d at 1505. The *Osburn* court correctly noted that under such circumstances the statute will be sustained "in the absence of persuasive evidence that Congress had *no reasonable basis* for drawing the lines it did." *Id.* at 1505 (emphasis in original) (citation omitted). Such a statute will be upheld even if it is not the best means of dealing with a problem. *Id.*

■ This court must, therefore, determine whether there is "any state of facts either known or which could reasonably be assumed" to support the statute. *United States v. Carolene Products*, 304 U.S. 144, 154, 58 S.Ct. 778, 784, 82 L.Ed. 1234 (1937). Clearly there was a rational basis for Congress to pass a statute that mandated sentences based on the number of plants seized rather than the actual weight of marijuana derived from those plants. As the *Osburn* court noted, the final weight of the plant is often unknown at the time of seizure because the plants may not have grown to maturity. 955 F.2d at 1506. Congress wanted to penalize large scale growers more harshly than small time offenders, and could have reasonably concluded that individuals who grew 100 or more plants were as culpable as individuals found guilty of offenses involving 100 or more kilograms of marijuana. After all, if there were no large scale growers of marijuana it is unlikely that there could be large scale sellers of marijuana. Thus, imposing a 60 month minimum sentence was rationally related to Congress's objective of imposing severe punishment on large scale drug offenders. *See Chapman v. United States*, —— U.S. ——, ——–——, 111 S.Ct. 1919, 1927–28, 114 L.Ed.2d 524 (1991).

As Murphy correctly notes, however, there is an anomaly in the statutory scheme. A grower who is arrested immediately prior to harvesting may be treated more harshly than one arrested after the marijuana is harvested. Nevertheless, this anomaly does not require a holding that this statute violates Murphy's rights under the Due Process Clause because it is arbitrary and capricious or under the Equal Protection Clause because the classifications are irrational. *See Osburn*, 955 F.2d at 1509. The *Osburn* court, citing this Court's decision in *Azizi v. Thornburgh*, 908 F.2d 1130, 1135 (2d Cir.1990), noted that "[e]ven if 'loopholes' exist in the statutory scheme, the court need not deem the statute irrational 'simply because it is an imperfect solution to the problems Congress intended to eradicate.'" 955 F.2d at 1509. Like the defendants in *Osburn*, Murphy has not shown that any inequity has resulted from this potential loophole. Indeed, if there is proof that a defendant has recently harvested more than 100 marijuana plants, and the marijuana in his or her possession is the fruit of those poisonous plants, then that individual should be sentenced as if the plants had not yet been harvested. In other words, if there would be disparate treatment the solution is to increase the harvester's sentence rather than to decrease the grower's sentence.

## II. *The Sentencing Guidelines*

■ Because the Guidelines are consistent with congressional intent as expressed in 21 U.S.C. § 841(b), they cannot be deemed arbitrary and capricious, and hence in violation of Murphy's rights to due process. *See, e.g., Osburn*, 955 F.2d at 1506; *Motz*, 936 F.2d at 1025.

The district court held that applying U.S.S.G. § 2D1.1 would deny Murphy due process. According to the district court, the sentence would be excessive because one marijuana plant could not produce 1,000 grams of marijuana. However, as the *Motz* court noted, "[t]here is no constitutional requirement that the penalty for an offense involving one marijuana plant be equal to the penalty for an offense involving the quantity of dried marijuana the plant would yield." 936 F.2d at 1025. The guidelines effectuate Congress's intent to punish more severely those defendants found cultivating a large number of plants. *See, e.g., Chapman*, —— U.S. at ——, 111 S.Ct. at 1927 (holding that the sentencing

scheme which included the weight of the paper on which LSD was placed was rationally related to Congress's desire to punish large traffickers and, therefore, did not violate the Due Process Clause). "[T]he equivalency ratios are rational because they measure the seriousness of the offense, not the actual weight of the drug." *Osburn*, 955 F.2d at 1508. Therefore, like the defendant in *Chapman*, Murphy's due process rights were not violated by the applicable Sentencing Guideline, because U.S.S.G. § 2D1.1(c) is not arbitrary and capricious.

## CONCLUSION

Based on the foregoing, we vacate and remand this case for further sentencing proceedings consistent with 21 U.S.C. § 841(b)(1)(B)(vii), the Sentencing Guidelines, and this opinion.