2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
James Duke ULRICH, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-1639.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 30, 1993.
Filed: August 17, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Duke Ulrich appeals from the district court's[1] order denying his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 A jury found Ulrich guilty of manufacturing marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). The district court found that the patch from which Ulrich had been picking marijuana contained 110 plants. We affirmed his conviction and sentence. United States v. Ulrich, 953 F.2d 1082, 1083, 1085 (8th Cir. 1991).
 
 
 3
 Ulrich subsequently filed this motion. In it, he argued that U.S.S.G. Sec. 2D1.1's direction to count one marijuana plant as one kilogram of marijuana in offenses involving fifty or more plants was irrational. He also argued that, because he had pulled and then cut the roots off twenty-four of the plants, they were rootless cuttings and should not have been counted as plants. He contended further that some of the plants measured less than twelve inches and should have been excluded from the count as immature plants. Finally, relying on U.S.S.G. Sec. 2D1.1, comment. n.12 (Nov. 1992), he argued that his small plot could not produce 110 plants yielding one kilogram each.[2] The district court rejected his arguments as meritless and denied the motion.
 
 
 4
 Ulrich now raises a new but related argument: 21 U.S.C. Sec. 841(b)(1)(B)(vii) (imposing not less than five years imprisonment for manufacturing 100 or more marijuana plants regardless of weight) is irrational and violates his due process and equal protection rights. We reject both this argument and his argument that section 2D1.1's one plant/one kilogram ratio is irrational. See United States v. Murphy, 979 F.2d 287, 290-91 (2d Cir. 1992); United States v. Smith, 961 F.2d 1389, 1390 (8th Cir. 1992).
 
 
 5
 Ulrich's remaining arguments also fail. The twenty-four plants he cut are not the type of rootless cuttings we contemplated in United States v. Bechtol, 939 F.2d 603, 605 (8th Cir. 1991), and the district court properly counted them as plants under section 2D1. 1. Further, we have rejected the argument that section 2D1.1 contemplates only mature, viable marijuana plants. United States v. Curtis, 965 F.2d 610, 616 (8th Cir. 1992). As the district court pointed out, Application Note 12 to section 2D1.1 applies to offenses involving negotiation to traffic in a controlled substance and is inapplicable here. Ulrich also cites U.S.S.G. 2D1.4, comment. n.2 (Nov. 1991) (where amount seized does not reflect scale of offense, court shall approximate quantity). He did not raise that argument below; in any event, Note 2 does not help him either.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE H. FRANKLIN WATERS, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendation of The HONORABLE BEVERLY R. STITES, United States Magistrate Judge for the Western District of Arkansas
 
 
 [2]
 He does not reassert on appeal his argument that counsel was ineffective for not raising these issues at trial and sentencing