**UNITED STATES of America,**
**Appellee,**

v.

**Sanjay R. SARDANA, Defendant–Appellant.**

No. 03–1742.

United States Court of Appeals, Second Circuit.

June 16, 2004.

Roger Bennet Adler (Robert A. Uge-low), Brooklyn, New York, for Appellant, of counsel.

Adam M. Abensohn, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, New York, for Appellee.

Present: MCLAUGHLIN, RAGGI, Circuit Judges, and HOLWELL,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment of conviction, entered on December 4, 2003, is AFFIRMED.

Defendant–Appellant Sanjay Sardana was convicted after a jury trial of removing his three-year old daughter from the United States and retaining the child in India for several months with the intent to obstruct the lawful exercise of parental rights by the child's mother, his estranged wife, in violation of the International Parental Kidnapping Crime Act ("IPKCA"), see 18 U.S.C. § 1204. Sardana now appeals from the judgment of conviction pursuant to which he was sentenced principally to a five-month term of imprisonment followed by five months of home detention, execution of which sentence has been stayed pending this appeal. We assume familiarity with the record and proceedings before the district court and hereby affirm the judgment.

* The Honorable Richard J. Holwell of the United States District Court for the Southern District of New York, sitting by designation.

### 1. Sufficiency of the Evidence

Sardana asserts that the trial evidence was insufficient to establish his guilt with respect to two aspects of the charged crime: his wife's parental rights and his own obstructive intent. A defendant raising a sufficiency challenge to his conviction bears a heavy burden because a reviewing court must affirm if the evidence, viewed in its totality and in the light most favorable to the government, see United States v. LaSpina, 299 F.3d 165, 180 (2d Cir. 2002), would permit any rational jury to have found the essential elements of the crime beyond a reasonable doubt, see United States v. Gaskin, 364 F.3d 438, 459–60 (2d Cir.2004). Applying these principles to Sardana's case, we conclude that the evidence amply supported conviction.

Specifically, we reject Sardana's argument that his wife's parental rights had to be proved through a court custody order. Section 1204 defines "parental rights" as the right to physical custody of a child, whether joint or sole, that can arise by court order, by agreement, or "by operation of law." 18 U.S.C. § 1204(b)(2). In determining what parental rights arise by operation of law, federal courts look to state law. See United States v. Amer, 110 F.3d 873, 878 (2d Cir.1997); see also United States v. Fazal–Ur–Raheman–Fazal, 355 F.3d 40, 45 (1st Cir.2004). Under New York law, the application of which is undisputed in this case, "there is no confusion" that "the biological mother[ ] enjoys the right to physical custody of her children unless and until this right is terminated by law." United States v. Amer, 110 F.3d at 878. Thus, the government was not obliged to offer proof of a court custo-

dy order to secure Sardana's conviction; it could rely on established New York law.

■ We similarly reject Sardana's contention that the evidence was insufficient to prove his obstructive intent in light of his post-abduction notification to his wife that he had taken their child to India and his commencement of custody proceedings in that country. As we explained in *United States v. Amer*, 110 F.3d at 881–82, the IPKCA was enacted to deter one parent from removing a child from the United States to another country that is not a signatory to the Hague Convention in order to obstruct the rights of the other parent. It is no defense to such conduct that *after* unlawfully removing the child from the United States, a defendant commences legal proceedings in the foreign forum. *See id.* at 882 (noting that defendant is limited to affirmative defenses provided in 18 U.S.C. § 1204(c)); *see also United States v. Fazal–Ur–Raheman–Fazal*, 355 F.3d at 43, 46 (affirming § 1204 conviction of defendant who, after absconding with child to India, notified wife of travel to that country and filed court custody action). At trial, Sardana admitted that his reason for surreptitiously taking his daughter to India was the expectation that the courts of that country would accord his wife fewer parental rights than the courts of New York. Trial Tr. at 226–28. By itself, this testimony sufficed to support a reasonable jury's finding of obstructive intent.

2. *Evidentiary Rulings*

Sardana appeals three evidentiary rulings by the district court: (1) the admission of an out-of-court statement by Ms. Sardana to State Department employee Nyda Budig; (2) the preclusion of Sardana's testimony regarding legal advice he received from an Indian attorney; and (3) the exclusion of evidence of alleged per-

sonal misconduct by Ms. Sardana. We review these evidentiary rulings deferentially for abuse of discretion, *see United States v. Abreu*, 342 F.3d 183, 190 (2d Cir.2003), and conclude that there was no abuse in this case.

■ Allowing Ms. Budig to testify to an out-of-court statement by Ms. Sardana about her difficulty contacting her daughter in India was permissible background to Ms. Budig's own actions. *See Ryan v. Miller*, 303 F.3d 231, 252–53 (2d Cir.2002). The court's failure to give a limiting instruction did not prejudice Sardana given that Ms. Sardana testified directly to the same facts and was subject to cross-examination. *See generally United States v. Reyes*, 18 F.3d 65, 70–71 (2d Cir.1994).

■ Neither did the district court abuse its discretion in refusing to allow Sardana to testify to responses he may have received from an Indian attorney to e-mail inquiries about bringing his daughter to India to pursue a custody action. The singular value of such evidence was to support an argument that Sardana believed his conduct was lawful. *See generally United States v. Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1194 (2d Cir.1989). In fact, Sardana himself was allowed to testify at length about his legal research, his communication with Indian counsel, and his conclusion that his actions in removing his daughter from the United States to India were legal. IPKCA, however, does not require proof that defendant knew his conduct was against the law; its *mens rea* requirement is simply that a defendant remove a child from the United States with the intent to obstruct the proper exercise of parental rights. *See generally United States v. Remini*, 967 F.2d 754, 757 (2d Cir.1992) (holding reliance on advice of counsel irrelevant to contempt conviction because the law contained no requirement that "defendant be shown to

have known of, and intended to violate, the statute which makes it a crime to consciously disregard an order of the court" (internal quotation marks omitted)). Because Sardana admitted precisely this intent in his trial testimony, his personal belief that his conduct was lawful, whether a product of his own research or of any advice he may have received from an Indian attorney, was irrelevant to culpability. For this same reason, we reject Sardana's challenge to the district court's charge, which did not instruct the jury on an advice-of-counsel defense.

■ Finally, the district court did not abuse its discretion in excluding evidence suggesting that Ms. Sardana was unfit to be a custodial parent. Such evidence might have been relevant if Sardana had pursued a custody challenge against his wife in New York courts. It could not, however, justify his removal of their child from the United States to India in order to obstruct his wife's exercise of parental rights. *See United States v. Amer,* 110 F.3d at 880–82.

### 3. *Jury Charge*

Sardana faults the district court's jury charge for (1) instructing, as a matter of law, as to Ms. Sardana's parental rights; and (2) failing to charge an advice-of-counsel defense. Reviewing the jury charge *de novo, see United States v. Wilkerson,* 361 F.3d 717, 732 (2d Cir.2004), we find no error.

We have already rejected Sardana's second point in our discussion of his evidentiary challenges. As for the first point, we preliminarily note that the district court correctly charged the jury that Sardana could not be convicted unless it was convinced beyond a reasonable doubt that he had acted with intent to obstruct his wife's parental rights. Sardana's intent was a disputed issue of fact for the jury to re-

solve, and properly submitted for its consideration. But the existence of his wife's parental rights was a matter of law. Once the trial judge instructed the jury on the rights accorded a biological mother under New York law, there simply was no question of fact regarding parental rights that required jury resolution. Thus, we conclude that there was no error in the charge.

### 4. *Adjustment for Acceptance of Responsibility*

Sardana faults the district court for denying him "acceptance of responsibility" consideration. *See* U.S.S.G. § 3E1.1. A sentencing court's determination of the issue of acceptance is accorded "great deference on review," *see id.* cmt. n. 5, and "will not be disturbed unless it is without foundation." *United States v. McLean,* 287 F.3d 127, 133–34 (2d Cir.2002) (internal quotation marks omitted). That is not this case.

■ Section 3E1.1 consideration is generally not available to defendants who put the government to the burden of proof at trial. Sardana submits that his case falls within an exception for defendants who "go[ ] to trial to assert and preserve issues that do not relate to factual guilt." U.S.S.G. § 3E1.1, cmt. n. 2. It is doubtful that Sardana falls within this exception. First, as the district court observed, Sardana's stubborn refusal to acknowledge that his conduct was criminal persisted after verdict and through his pre-sentence interviews. In any event, Application Note 2 indicates that the acceptance of responsibility exception for defendants who go to trial often depends on pre-trial statements and conduct acknowledging the misconduct. *See id.* The record is devoid of such evidence. Accordingly, we uphold the district court's refusal of § 3E1.1 sentencing consideration.

In sum, because we find all of Sardana's points on appeal to be without merit, the district court's December 4, 2003 judgment of conviction is hereby AFFIRMED.