**UNITED STATES of America, Appellee,**

v.

**Victor RICCITELLI and Hector Fernandez, Defendants–Appellants.**

**Nos. 05–2735 (L), 05–3853(Con).***

United States Court of Appeals, Second Circuit.

June 6, 2006.

Jonathan J. Einhorn, New Haven, CT, for Defendant–Appellant Victor Riccitelli; Robert Sullivan, Westport, CT, for Defendant–Appellant Hector Fernandez, for Appellants.

Michael J. Gustafson, Assistant United States Attorney, District of Connecticut, New Haven, CT, for Appellee.

Present: ROGER J. MINER, ROSEMARY S. POOLER, Circuit Judges, JED S. RAKOFF,** District Judge.

---

* The government also filed a cross appeal under docket number 05–4124, but has withdrawn its cross appeal.

** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Victor Riccitelli and Hector Fernandez appeal from judgments of conviction for narcotics crimes involving cocaine. Defendants were convicted of both conspiracy and substantive offenses. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues. We hold as follows.

Fernandez's challenge to the constitutionality of the mandatory minimum of ten years imprisonment imposed on him pursuant to 21 U.S.C. § 841(b)(1)(B) is devoid of merit. *See Chapman v. United States,* 500 U.S. 453, 464–67, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (rejecting due process and equal protection challenges to Congress's decision to trigger statutory mandatory minimum for distribution of LSD based on weight of carrier medium incorporating the LSD rather than the weight of the LSD); *United States v. Smith,* 354 F.3d 171, 175 (2d Cir.2003) (citing U.S.S.G. § 5G1.1(b) for the proposition that mandatory minimums trump a lower Guidelines range); *United States v. Magana,* 118 F.3d 1173, 1209 (7th Cir.1997) (rejecting due process, equal protection, and Eighth Amendment challenges to the same mandatory minimum statute challenged in this appeal); *United States v. Jackson,* 59 F.3d 1421, 1424 (2d Cir.1995) (holding that ten-year mandatory minimum sentence for distribution of more than 50 grams of cocaine base does not violate the Eighth Amendment); *United States v. Pardue,* 36 F.3d 429, 431 (5th Cir.1994) (rejecting constitutional challenge to LSD mandatory minimum by applying *Chapman* holding even though Sentencing Commission had recently issued an amendment to the Guidelines that mandated use of the weight of the LSD rather than the weight of the carrier medium for Guidelines purposes); *United States v. Murphy,* 979 F.2d 287, 290 (2d Cir.1992) (holding that a sentencing statute that treats an unharvested marijuana plant as equal to one kilogram of marijuana does not violate a defendant's rights to due process or equal protection); *United States v. Pineda,* 847 F.2d 64, 65 (2d Cir.1988) (per curiam) (holding that mandatory minimums aimed at discouraging "particularly insidious drug transactions" had a rational basis and therefore offended neither due process nor equal protection).

As to Riccitelli, we may reverse based on a court's questioning of witnesses only if the questioning denied defendant a fair trial. *United States v. Pisani,* 773 F.2d 397, 402 (2d Cir.1985). Here three of the instances of questioning to which Riccitelli now objects were properly aimed at aiding the jury to understand the evidence and clearing up confusion. *See id.* at 403. The fourth instance, although arguably improper, *cf. United States v. Richter,* 826 F.2d 206, 208 (2d Cir.1987), did not deny Riccitelli a fair trial. Further, Riccitelli did not object or seek to have the question and answer stricken. Therefore, because Ricittelli cannot establish plain error, we cannot reach this asserted error. *See* Fed. R.Crim.P. 52(b).

Because Riccitelli shows no prejudice to his ability to prosecute his appeal stemming from two malfunctions in the court's recording system, the malfunctions do not justify granting him a new trial. *See United States v. Weisser,* 417 F.3d 336, 342–43 (2d Cir.2005).

There were no errors in the calculation of Riccitelli's sentence. Contrary to his contention, the record amply supports the trial court's finding that Riccitelli was responsible for at least two kilograms of cocaine. The record also supports the court's finding that Riccitelli supervised at least one person in a criminal activity that involved at least five people. *See* U.S.S.G. § 3B1.1(b). Further, the court's finding

that Criminal History Category III did not adequately represent Riccitelli's predilection for criminal conduct or the likelihood or recidivism is not an abuse of discretion. Finally, 160 months of imprisonment does not constitute cruel and unusual treatment for Riccitelli. *See United States v. Yousef,* 327 F.3d 56, 163 (2d Cir.2003).

We therefore affirm the judgments below.