10-4969-cr
United States v. Saliba

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6ᵗʰ day of December, two thousand twelve.

Present:        AMALYA L. KEARSE,
                CHESTER J. STRAUB,
                ROSEMARY S. POOLER,

                        *Circuit Judges*.
_____

UNITED STATES OF AMERICA

                        *Appellee*,

                -v-                                        10-4969-cr

PIERRE F. SALIBA,

                        *Defendant-Appellant*.
_____

Appearing for Appellant:        Lawrence D. Gerzog, New York, NY

Appearing for Appellee:         Justin D. Lerer, (David C. James, *on the brief*), Assistant United
                                States Attorneys, *for* Loretta E. Lynch, United States Attorney,
                                Eastern District of New York, NY


        Appeal from the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Pierre Saliba appeals from a judgment entered on December 3, 2010, convicting him of international parental kidnapping, in violation of the International Parental Kidnapping Crime Act ("IPKCA"), 18 U.S.C. § 1204(a). On appeal, defendant principally asserts (i) IPKCA is unconstitutionally vague as applied to defendant's conduct; (ii) the evidence was insufficient to support defendant's conviction under IPKCA; (iii) the district court's evidentiary rulings and jury instructions were incorrect; and (iv) the district court erred by admitting evidence that revealed defendant's prior incarceration. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Court reviews attacks on the constitutionality of a statute de novo and as a question of law. *United States v. Murphy*, 979 F.2d 287, 289 (2d Cir. 1992). In order to survive a vagueness challenge, a penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). In accordance with this standard, this Circuit has already decided in *United States v. Amer*, that IPKCA withstands vagueness challenges of the kind raised here. 110 F.3d 873, 877-79 (2d Cir. 1997); *see id.* at 878 (rejecting the contention that the fact that § 1204(a) does not specify the length of time that a child must have been in the United States makes the phrase "who has been in the United States" vague as applied to a defendant who abducted three children, one of whom "had resided in New York for eight years, and [two of whom] had lived in New York since their birth"). Although *Amer* noted that "the phrase 'has been in the United States' might reflect some uncertainty as applied to extreme situations," and that "there might be room for argument as to whether foreign children who were merely visiting the United States on a week-long vacation would be protected by the Act," 110 F.3d at 878, this plainly is not such a case. Saliba's daughter was born in the United States and is thus a United States citizen; she lived in Brooklyn for the first four months of her life; and she had been living in the United States for nearly four months when she was abducted by Saliba. His conduct is clearly covered by the Act, and we reject his vagueness argument.

This Court reviews sufficiency of the evidence de novo. *United States v. Abu-Jihaad*, 630 F.3d 102, 134 (2d Cir. 2010). "[V]iewing the evidence in the light most favorable to the prosecution," the question is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Applying this deferential standard, we conclude the evidence here was sufficient to find "intent to obstruct . . . parental rights," 18 U.S.C. § 1204(a), where defendant absconded with his child for eight years, to Lebanon, without notice to or the consent of the child's mother. *See United States v. Sardana*, 101 F. App'x 851, 853-54 (2d Cir. 2004) (finding the evidence sufficient where defendant "surreptitiously" removed his child "for several months" to India).

We grant district courts "wide latitude" in admissibility determinations, *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006), and this Court reviews such evidentiary rulings for abuse of discretion, reversing only for "manifest error." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010). We find the district court did not abuse its discretion in excluding prejudicial background evidence such as the child's mother's ability to

parent, which is not relevant with regard to the IPKCA charge.  *See Amer*, 110 F.3d at 880-82 (affirming exclusion of evidence that the mother was a "poor parent" under IPKCA); *Sardana*, 101 F. App'x at 853-54 (same).

In applying Federal Rules of Evidence 403 and 404 "[d]istrict courts have broad discretion [as] to balanc[ing]" whether potentially prejudicial evidence should be admitted and "we will not disturb that balancing unless there is a clear showing of abuse of discretion." *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008) (internal citations omitted).  Here, we conclude that the district court did not abuse its discretion when it allowed evidence as to defendant's prior incarceration where such evidence was only briefly mentioned by one witness and for no longer than necessary to authenticate a recording.  *See United States v. Deandrade*, 600 F.3d 115, 118-19 (2d Cir. 2010) (finding it not necessary to reverse convictions involving references to a defendant's incarceration when those references were "fleeting").

In sum, because we find appellant's arguments without merit, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk